131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Karl Heinz MALVENIUS, Defendant-Appellant.
 No. 97-30088.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CR-94-00325-OMP.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 PANNER, J.
 
 
 1
 MEMORANDUM*
 
 
 2
 Karl Heinz Malvenius appeals the 18-month sentence and restitution order imposed following his guilty plea to mail fraud, in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 First, Malvenius contends that the district court erred by refusing to grant him a two-level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1. We decline to address this contention because the district court expressly stated at sentencing that it would impose the same 18-month sentence had it granted the reduction. See United States v. Munster-Ramirez, 888 F.2d 1267, 1273 (9th Cir.1989) (declining to review denial of reduction for acceptance of responsibility because opinion would be "purely advisory" where district court stated it would impose same sentence even if facts demonstrated defendant was entitled to reduction).
 
 
 4
 Malvenius also contends that the district court erred by ordering $32,400 in restitution for losses allegedly unrelated to either the offense of conviction or the fraudulent scheme alleged in the indictment. This contention is meritless.
 
 
 5
 This court reviews de novo the legality of a restitution order and for clear error the district court's underlying factual findings. See United States v. Rice, 38 F.3d 1536, 1540 (9th Cir.1994). Ordinarily, the district court may order restitution "only for losses caused by the conduct underlying the offense of conviction." Hughey v. United States, 495 U.S. 411, 416 (1990); United States v. Soderling, 970 F.2d 529, 532 (9th Cir.1992) (per curiam). The court, however, may order restitution "for losses stemming from offenses other than those on which there was a conviction if the defendant agrees to such in a plea bargain in return for a promise by the government to drop or not pursue the other offenses." Soderling, 970 F.2d at 532. Whether the Soderling exception applies is a legal question which this court reviews without examining any extrinsic facts. See United States v. Baker, 25 F.3d 1452, 1456 (9th Cir.1994).
 
 
 6
 Malvenius explicitly agreed in his plea agreement that the court could order restitution "based on losses to victims from all the conduct charged in the indictment, and not just the losses on the count of conviction." The government, in turn, agreed to dismiss the remaining forty counts of the indictment. We conclude that the Soderling exception applies. See Soderling, 970 F.2d at 531 (upholding restitution order where defendants agreed to plead guilty to two counts and to make restitution for losses stemming from those offenses and five other transactions, in return for government's agreement not to prosecute for offenses arising out of five other transactions).
 
 
 7
 After Malvenius and the victim testified at sentencing, the district court found that the victim's $32,400 loss stemmed from conduct charged in the indictment. This finding was not clearly erroneous. See Rice, 38 F.3d at 1540. Accordingly, the district court properly included this amount in the restitution order.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3